**Carlos Rodriguez PEREZ, Libellant**

v.

**The Steamship OMNIUM TRADER, etc., et al., Respondents.**

**No. 3466.**

United States District Court
E. D. Louisiana,
New Orleans Division.

June 12, 1959.

---

Raymond H. Kierr, Samuel C. Gainsburgh, New Orleans, La., for libellant.

Terriberry, Rault, Carroll, Martinez & Yancey, William E. Wright, Rufus C. Harris, Jr., New Orleans, La., for respondents.

J. SKELLY WRIGHT, District Judge.

Libellant, a Costa Rican citizen, now a resident alien in this country, was injured when a rung of a ship's ladder, by which he was descending from the 'tween deck to the lower hold of the S.S. Omnium Trader, gave way. The Omnium Trader was of Liberian registry. At the time of his accident, libellant Perez was employed aboard her as an able seaman. The vessel makes no jurisdictional defense to the libel. In fact, she also

virtually admits liability in damages to Perez for his injuries. It appears, however, that the parties cannot agree on the quantum.

■■ The general maritime law of the Republic of Liberia is the same as the general maritime law as applied in the United States. It is the law which should be applied here. Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254. Consequently, the unseaworthy condition of the ladder here makes the vessel liable to Perez for his injuries. Mahnich v. Southern Steamship Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561. These injuries consisted of the comminuted fracture of the left radius, fracture of the ulna, fracture of the right side of the pelvis, shock, and generalized abrasions and contusions. Perez was removed from the vessel by a U. S. Coast Guard cutter on October 16th, 1957, the day after his accident, and taken to Key West, Florida, where he entered Monroe General Hospital.

After treatment for shock, the fractures were reduced[1] and a plaster of Paris cast applied to the left wrist and forearm. The cast was removed on December 2nd, 1957, but was reapplied because the fractures were repairing more slowly than anticipated. On December 16th the plaster of Paris cast was again removed and a light cast was applied. On this date Perez left the hospital at Key West and came to New Orleans where he was treated by a physiotherapist, under orthopedic supervision, until May 30, 1958. His first employment after the accident was as able seaman from November 30, 1958 until March 1, 1959 on board the S.S. Helen H., a foreign flagship. At the time he signed on the Helen H., Perez passed a physical examination for employment. He testified that, while employed on the Helen H., he was unable to do all of the work of an able seaman, particularly the climbing and lifting. He testified further to pain in his left hand whenever it was used extensively.

Perez has recovered from all of his injuries except the fractures of the radius and the ulna. These fractures were at the distal, or lower end, of these forearm bones. As a result, the function of the wrist is impaired to the extent that the orthopedic surgeons for both the libellant and respondent estimate he has a 15 to 20% permanent disability of the left hand. Dr. Cahen, who examined Perez and supervised his physiotherapy treatments, concluded that he could not return to work on board vessels, while Dr. Rose, who examined Perez for the respondent, felt that while Perez could not do the work of a longshoreman or of an able seaman, he would approve Perez for employment as an unlicensed deck hand or messman.

On the basis of this medical evidence, it is clear that Perez has suffered a permanent disability which will prevent him from returning to the sea in his former capacity. In addition to this reduction in his earning capacity, Perez is also entitled to damages for his permanent disability, his pain and suffering, past and future, his medical expenses, as well as his loss of earnings to date. On the basis of the evidence produced, this Court itemizes these damages as follows: Loss of Wages, $975; Loss of Earning Capacity, $5,864.91;[2] Pain and Suffering, $6,000; Permanent Disability of the Left Hand, $5,000; Medical Expenses, $595.

Decree for libellant.

---

1. Traction was applied to the left wrist through the insertion of a wire pin. The radial fractures healed with resulting wrist disability. The ulna fracture remains ununited.

2. Perez is 32, with a life expectancy of 34 years. As able seaman his pay on the Omnium Trader would be $112 per month, as ordinary seaman or messman $84 per month. The amount required to produce $28 per month for thirty years, assuming 4% interest, is $5,864.91. This figure is the least to which Perez is entitled. See United States v. Puscedu, 5 Cir., 224 F.2d 5.